[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12875
Non-Argument Calendar

_____

D. C. Docket No. 04-00006-CR-CDL-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONNIE J. GREER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(October 31, 2006)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

For the second time, Ronnie J. Greer appeals his conviction under 18 U.S.C.

§§ 922(g)(1), 924(e)(1) for being a felon in possession of ammunition. For the second time, he argues that the government failed to prove venue at his trial and that his trial counsel's failure to object to venue constituted ineffective assistance of counsel, and for the second time, we affirm his conviction.

Greer's conviction resulted after government agents found ammunition in his Cussetta, Georgia home. Greer was tried and convicted in the Columbus Division of the United States District Court for the Middle District of Georgia. At trial, he did not object to venue, and his attorney did not move for acquittal based on improper venue. During his first appeal, Greer contended that the prosecution never proved that venue was proper and that his attorney's failure to move for acquittal on that basis constituted ineffective assistance of counsel. In that appeal, we ruled against Greer on both of those issues and affirmed his conviction. However, we vacated his sentence and remanded the case to the district court for resentencing. Now, Greer is again attempting to appeal his conviction by raising those same two issues.

Greer's contentions are foreclosed by the law of the case doctrine, which makes the findings of fact and law of an appellate court binding in all subsequent proceedings in the same case in either the trial court or on appeal. This That And The Other Gift and Tobacco, Inc. v. Cobb County, Ga., 439 F.3d 1275, 1283 (11th

Cir. 2006). Furthermore, the law of the case doctrine bars relitigation of issues that were decided either explicitly or by necessary implication. See Schiavo v. Schiavo, 403 F.3d 1289, 1291 (11th Cir. 2005) ("The [law-of-the-case] doctrine operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal."). The law of the case doctrine can be overcome only when: (1) new and substantially different evidence has been produced, or there is a change in the controlling authority; or (2) the prior decision was clearly erroneous and would result in a manifest injustice. This That And The Other Gift and Tobacco, Inc., 439 F.3d at 1283.

In deciding Greer's first appeal, this Court explicitly stated that Greer had waived his objection to venue by failing to raise it before the district court. United States v. Greer, 440 F.3d 1267, 1271 (11th Cir. 2006). We then took judicial notice that Cussetta, Georgia lies within the Columbus Division of the Middle District of Georgia, and we held that Greer had suffered no prejudice from his counsel's failure to object to venue. Id. at 1272.

On this appeal, Greer presents no new evidence and points out no change in controlling authority that would require us to abandon our prior holdings. Nor does he present any evidence indicating that our prior decision was clearly erroneous or would result in manifest injustice. See This That And The Other Gift

3

and Tobacco, Inc., 439 F.3d at 1283.  Because Greer unsuccessfully raised both his failure to prove venue and his related ineffective assistance of counsel arguments in a prior appeal, the law of the case doctrine bars our review of these claims in this appeal.

**AFFIRMED.**